United States Bankruptcy Court
District of Oregon

In re:
Denise Mardene Subramaniam
Debtor

Case No. 11-38010-tmb
Chapter 7

# CERTIFICATE OF NOTICE

District/off: 0979-3 User: admin Form ID: DN7 Page 1 of 2 Total Noticed: 18 Date Rcvd: Dec 22, 2011

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Dec 24, 2011.

db +Denise Mardene Subramaniam, 13865 SW Walker Rd, Beaverton, OR 97005-1015
smg +Dept of Justice, Division of Child Support, Attn: Bankruptcy Unit, POB 14670, Salem, OR 97309-5013
smg +US Attorney, US Attorney, 1000 SW 3rd Ave #600, Portland, OR 97204-2936
smg +US Attorney General, Department of Justice, 10th & Constitution NW, Washington, DC 20530-0001
99508731 Cal-Western reconveyange Corp, 525 East Main St., PO Box 22004, El Cajon, CA 92022-9004
99508732 Direct Loan Servicing, PO Box 5609, Greenville, TX 75403-5609
99508734 +Larissa Laydoo, 13865 SW Walker Rd, Beaverton, OR 97005-1015
99508735 +Law Offices of Kevin W. Luby, 7360 SW Hunziker Suite 206, Portland, OR 97223-2306
99508736 +Litton Loan Servicing LP, 5373 W Alabama #600, Houston, TX 77056-5998
99508737 +Litton Loan Servicing LP, RA/Corporation Service Company, 285 Liberty St NE, Salem, OR 97301-3865
99508738 +Litton Loan Servicing, LLP, c/o McCALLA RAYMER, LLC, Bankruptcy Department, 1544 Old Alabama Road, Roswell, GA 30076-2102
99508739 +Multnomah County Itax, Attn: Myndi Fertile, PO Box 279, Portland, OR 97207-0279
99508742 +Providence Health & Services, POB 3299, Portland, OR 97208-3299
99508743 +Quality Loan Service Corp. of WA, No., 2141 5th Avenue, San Diego, CA 92101-2101

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.

smg EDI: ORREV.COM Dec 23 2011 03:13:00 ODR Bkcy, 955 Center NE #353, Salem, OR 97301-2555
99508733 EDI: IRS.COM Dec 23 2011 03:13:00 IRS, PO Box 21126, Philadelphia, PA 19114
99508740 EDI: ORREV.COM Dec 23 2011 03:13:00 ODR-Bankruptcy, c/o Bankruptcy Unit, 955 Center Street, NE Room 353, Salem, OR 97301-2555
99508741 +EDI: RMSC.COM Dec 23 2011 03:13:00 Old Navy, POB 530942, Atlanta, GA 30353-0942

TOTAL: 4

***** BYPASSED RECIPIENTS *****

NONE. TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

**Date: Dec 24, 2011** **Signature:** Joseph Speetjens

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on December 21, 2011 at the address(es) listed below:
NONE. TOTAL: 0

U.S. BANKRUPTCY COURT
DISTRICT OF OREGON
**F I L E D**

**December 21, 2011**

**Clerk, U.S. Bankruptcy Court**

**Below is an order of the Court.**

**U.S. Bankruptcy Judge**

DN7 (12/6/07)

**UNITED STATES BANKRUPTCY COURT**
**District of Oregon**

In re
**Denise Mardene Subramaniam,** xxx−xx−8909
Debtor(s)

Case No. **11−38010−tmb7**

CHAPTER 7 ORDER RE:
DISCHARGE OF DEBTOR(S)

It appearing that on 9/15/11 a bankruptcy petition was filed by the debtor(s); timely complaints filed pursuant to 11 USC §523(a) could be pending and the court could still order that any affected debt is nondischargeable, however no complaint objecting to the debtor's discharge pursuant to 11 USC §727 was timely filed (or such complaint was filed, and after due notice and hearing, was not sustained); each timely filed written reaffirmation agreement was either rescinded or not approved by the court; and therefore,

**IT IS ORDERED** the debtor(s) shall be granted a discharge under §727 of Title 11, United States Code (the Bankruptcy Code).

## EXPLANATION OF BANKRUPTCY DISCHARGE IN A CHAPTER 7 CASE

This court order grants a discharge to the person(s) named as a debtor. It is not a dismissal of the case and it does not determine how much money, if any, the trustee will pay to creditors.

Collection of Discharged Debts Prohibited. The discharge prohibits any attempt to collect from a debtor a debt that has been discharged. For example, a creditor is not permitted to contact a debtor by mail, phone, or otherwise, to file or continue a lawsuit, to attach wages or other property, or to take any other action to collect a discharged debt from the debtor. (If applicable there are also special rules that protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.) A creditor who violates this order can be required to pay damages and attorney's fees to the debtor.

However, a creditor may have the right to enforce a valid lien, such as a mortgage or security interest, against the debtor's property after the bankruptcy, if that lien was not avoided or eliminated in the bankruptcy case. Also, a debtor may voluntarily pay any debt that has been discharged.



**IMPORTANT: Debtors MUST READ BOTH SIDES of this document!**

Debts that are Discharged. The Chapter 7 discharge order eliminates a debtor's legal obligation to pay a debt that is discharged. Most, but not all, types of debts are discharged if the debt existed on the date the bankruptcy case was filed. (If this case was begun under a different chapter of the Bankruptcy Code and converted to Chapter 7, the discharge applies to debts owed when the bankruptcy case was converted.)

Debts that are Not Discharged. Some of the common types of debts which are not discharged in a Chapter 7 bankruptcy case are:

a. Debts for most taxes;
b. Debts incurred to pay nondischargeable taxes;
c. Debts that are for domestic support obligations, or debts to a spouse or former spouse for property settlement;
d. Debts for most student loans;
e. Debts for most fines, penalties, forfeitures, or criminal restitution obligations;
f. Debts for personal injuries or death caused by the debtor's operation of a motor vehicle, vessel, or aircraft while intoxicated;
g. Some debts which were not properly listed by the debtor;
h. Debts the bankruptcy court specifically has decided or will decide in this case are not discharged;
i. Debts for which the debtor has given up the discharge protections by signing a reaffirmation agreement in compliance with the Bankruptcy Code requirements for reaffirmation of debts; and
j. Debts owed to certain pension, profit sharing, stock bonus, other retirement plans, or to the Thrift Savings Plan for federal employees for certain types of loans from these plans.

**This information is only a general summary of the bankruptcy discharge. There are exceptions to these general rules. Because the law is complicated, you may want to consult an attorney to determine the exact effect of the discharge in this case.**

 **IMPORTANT: Debtors MUST READ BOTH SIDES of this document!**

###